Peter H. Cooper, Esq.
CILENTI & COOPER, PLLC
60 East 42nd Street – 40th Floor
New York, NY 10165
T. (212) 209-3933
F. (212) 209-7102
pcooper@jcpclaw.com
*Co-counsel for Plaintiff*

Joseph Jeziorkowski, Esq.
VALIANT LAW
75 S. Broadway, Suite 400
White Plains, New York 10601
T. (914) 595-6702
F. (909) 677-2290
jjj@valiantlaw.com
*Co-counsel for Plaintiff*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| MAKENZI E. ROSE, on behalf of herself and others similarly situated, | Case No. |
| Plaintiff, | RULE 23 CLASS ACTION AND FLSA COLLECTIVE ACTION COMPLAINT |
| -against- | |
| BARTECA RESTAURANTS LLC, dba BAR TACO, BAR TACO PORT CHESTER LLC dba BAR TACO, and MICHAEL SOBELMAN, individually, | ECF Case |
| Defendants. | **Jury Trial Demand** |

---

Plaintiff, Makenzi E. Rose ("Plaintiff"), individually and on behalf of all others similarly situated, as class representative, upon personal knowledge as to herself and upon information and belief as to all other matters, by and through her undersigned attorneys, Cilenti & Cooper, PLLC and Valiant Law, files this Complaint against defendants, Barteca Restaurants LLC, dba Bar Taco ("Barteca"), Bar Taco Port Chester LLC dba Bar Taco ("BTPC") (together with Barteca,

"Bar Taco"), and Michael Sobelman, individually ("Sobelman") (all defendants collectively referred to as "Defendants"), and states as follows:

## INTRODUCTION

1.      This lawsuit seeks justice for egregious acts of wage theft. For several years, Defendant Bar Taco has operated a lucrative restaurant at the expense of its hard-working employees – servers, bartenders, hosts, and other crew members – who were robbed of an enormous amount of hard-earned income, forced to work off the clock and paid well below minimum wage.

2.      Sadly, their hard work and dedication was unrequited.  Instead, employees were exploited by Bar Taco, and many remain victims of these unlawful practices to this day.

3.      This is an action brought by Plaintiff on her own behalf, and on behalf of all other similarly situated employees, alleging violations of the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201, *et seq*. ("FLSA"), and the New York Labor Law ("NYLL"), arising from Defendants' failure to pay non-exempt employees proper compensation, minimum wages, overtime compensation, and "spread of hours" premiums.

4.      Due to violations of the FLSA, Plaintiff is entitled to recover from the Defendants: (1.) unpaid minimum wages; (2.) unpaid overtime compensation; (3.) liquidated damages; (4.) prejudgment and post-judgment interest; and (5.) attorneys' fees and costs.

5.      Due to violations of the New York Labor Law, Plaintiff is entitled to recover from the Defendants: (1.) unpaid wages and minimum wages; (2.) unpaid overtime compensation; (3.) unpaid "spread of hours" premiums for each day she worked a shift in excess of ten (10) hours; (4.) unpaid call-in Pay; (5.) unpaid uniform cost and maintenance compensation; (6.) unpaid gratuities due to tip misappropriation; (7.) liquidated damages and civil penalties pursuant to the

New York Labor Law and the New York State Wage Theft Prevention Act; (8.) pre-judgment and post-judgment interest; and (9.) attorneys' fees and costs.

## JURISDICTION AND VENUE

6.      This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b), 28 U.S.C. §§ 1331, 1337 and 1343, and has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

7.      Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391 because the conduct making up the basis of the complaint took place in this judicial district and Defendants conducted business and reside in this district. Further, Plaintiff and similarly situated employees' claims arise out of or relate to the Defendants' minimum contacts with the forum state.

## THE PARTIES AND SUMMARY OF ALLEGATIONS

8.      Plaintiff Makensi E. Rose is an adult individual who is a resident of the State of Connecticut. Plaintiff was employed by Defendants as a crew member in various roles "front of house" employee including but not limited to, bartender, server, and greeter, and at all times relevant, was a covered employee within the meaning of the FLSA and NYLL.

9.      Defendant, Barteca Restaurants LLC dba Bar Taco is Delaware limited liability company, doing business in the State of New York and under the laws of the State of New York, at 1 Willet Avenue, Port Chester, New York 10573.

10.      Defendant, Bar Taco Port Chester LLC dba Bar Taco is a domestic limited liability company, existing and doing business in the State of New York and under the laws of the State of New York, at 1 Willet Avenue, Port Chester, New York 10573.

11.     During each of the six (6) most recent years, and prior thereto, Bar Taco, located at 1 Willet Avenue, in Port Chester, New York, through corporate entities, continuously owned and operated a large restaurant and bar which served food and drink to the general public.

12.     Defendants Bar Taco is a "restaurant" within the meaning of the New York Labor Law.

13.     At all times relevant to this action, Defendants jointly employed Plaintiff and other similarly situated employees.

14.     Each Defendant has had substantial control over Plaintiff and similarly situated employees' working conditions, and over the unlawful policies and practices alleged herein.

15.     During all times relevant, Defendants have been Plaintiff's employers within the meaning of the FLSA and the NYLL.

16.     Defendant Sobleman, creates and implements crucial business policies, including decisions concerning the number of hours the employees are required to work, the amount of pay that the employees are entitled to receive, and the method and manner by which the employees are to be paid.

17.     Bar Taco in Port Chester is operated and controlled by Sobleman, as General Manager of operations.

18.     Defendant Sobelman is the General Manager of Bar Taco at its Port Chester location, and is an director, supervisor, managing agent and proprietor of Bar Taco, who actively participated, and continues to actively participate in the day-to-day operations of Bar Taco, and acted willfully and intentionally and is an employer pursuant to the FLSA, 29 U.S.C. § 203(d) and Regulations promulgated thereunder, 29 C.F.R. § 791.2, as well as New York Labor Law § 2 and the Regulations thereunder, and is jointly and severally liable with Bar Taco.

19.     Defendant Sobelman exercised sufficient control over Bar Taco's day-to-day operations as to be considered an employer of the Plaintiff and others similarly situated, under the FLSA and New York Labor Law.

20.     Throughout the relevant time period, Defendants were in charge of and had control over Bar Taco's policies and procedures with respect to its unlawful policies, acts and practices alleged herein, including but not limited to, payroll, time-keeping, scheduling, and otherwise running the business of Bar Taco.

21.     Although Barteca and BTPC are separate and distinct business entities, they engage in related activities, namely, operating "Bar Taco" in Port Chester. The two companies shared Plaintiff, as well as other employees, acted in the interest of each other with respect to employees, paid their employees by the same method, shared control over their employees, and are themselves under common control and management.

22.     The corporations are owned, operated, and controlled by the same owner, or owner group, operating as a unified operation and, upon information and belief, each provides mutually supportive services to the substantial advantage of the other, such that each entity may be treated as a single enterprise and/or joint employer.

23.     The performance of Plaintiff's job responsibilities, as well as the responsibilities of other similarly situated employees, was and continues to be controlled by one person or group of persons, corporations, or other organizational units acting together.

24.     The corporate defendants share a common commercial business purpose, namely, operating a bar and restaurant in Port Chester, New York.

25.     Upon information and belief, an arrangement existed between the corporate defendants whereby such entities agreed to share the services of Plaintiffs and other employees.

26.     Upon information and belief, the corporate defendants, doing business as, Bar Taco, shared control of Plaintiff and others similarly situated.

27.     Defendants exercised control oversite and direction over the terms and conditions of Plaintiff's, and similarly situated employees' working conditions and employment including, but not limited to, the power to: (i) hire, fire and discipline employees, (ii) determine rates and methods of pay, timekeeping and payroll, (iii) determine work schedules, (iv) supervise and control work of the employees, and (v) otherwise affect the quality of the employees' employment and employment practices.

28.     Upon information and belief, at all times relevant to the allegations in this Complaint, Barteca and BTPC were, and continue to each be, an "enterprise engaged in commerce" within the meaning of the FLSA in that they (i) have and have had employees engaged in commerce or in the production of goods for commerce, or that handle, sell, or otherwise work on goods or materials that have been moved in or produced for commerce, and (ii) have and have had an annual gross volume of sales of not less than $500,000.

29.     Plaintiff has been continuously employed by Defendants in Westchester County, New York to work as a non-exempt crew member / runner and floor person for Defendants' restaurant known as Bar Taco from in or about April 2022 through present.

30.     Plaintiff handled food products, alcohol, beverages, cleaning products, supplies and other goods and currency which traveled interstate and internationally.

31.     At all relevant times to this action, the primary business of Bar Taco was the sale of food and drinks for consumption.

32.     Defendants knowingly and willfully operated their business with a policy and practice of not paying either the FLSA minimum wage or the New York State minimum wage to Plaintiff and other similarly situated employees.

33.     Defendants knowingly and willfully operated their business with a policy and practice of not paying Plaintiff and other similarly situated employees either the FLSA overtime rate (of time and one-half), or the New York State overtime rate (of time and one-half), in violation of the FLSA and New York Labor Law and the supporting federal and New York State Department of Labor Regulations.

34.     Defendants knowingly and willfully operated their business with a policy of not paying Plaintiff and other similarly situated employees "spread of hours" premiums, in violation of the New York Labor Law and the supporting New York State Department of Labor Regulations.

35.     Plaintiff has satisfied all conditions precedent to the institution of this action, or such conditions have been waived.

36.     At all relevant times, Barteca and BTPC were, and continue to be, "enterprises engaged in commerce" within the meaning of the FLSA.

37.     At all relevant times, the work performed by Plaintiff and others similarly situated, was directly essential to the restaurant business operated by Defendants.

38.     Defendants engaged in widespread, systematic and significant violations of Federal and New York State wage and hour statutes and implementing regulations.

## STATEMENT OF FACTS

39.     Defendant Bar Taco hires employees to work as managers and/or supervisors to participate in the day-to-day operations of Bar Taco.

40.     Defendant Sobleman is typically present at Bar Taco on a daily basis and has supervisory authority over Plaintiff and other similarly situated employees.  At all relevant times, Sobleman actively participated and participates in the day-to-day operation of the restaurant.  For instance, Sobleman is not only considered the boss, he supervises and directs the work of the employees, including Plaintiff, instructs them how to perform their jobs, and corrects them for any errors made.

41.     During the course of her employment, Plaintiff often worked in excess of forty (40) hours per week.

42.     During the course of her employment, Plaintiff often worked in excess of ten (10) hours per shift.

43.     Throughout the entirety of Plaintiff's employment, she was not paid proper minimum wages or overtime compensation. Defendants always paid Plaintiff well below the "tip credit" minimum wage.

44.     The lawful minimum wage is $15.00 per hour in New York and $7.25 under the FLSA.  However, Plaintiff was paid not more than $5.00 per hour for the first forty (40) hours of work in a given week, and not more than $15.00 per hour for hours in excess of forty (40) each week.  Even if Defendants were entitled to take the $5.00 per hour "tip credit" under New York Law, which they were not, Plaintiff and other similarly situated employees were paid well below minimum wage.

45.     Indeed, Defendants were not entitled to take any "tip credits" under federal or state law because they: (i) failed to properly provide notice to all tipped employees, including Plaintiff, that Defendants were taking a "tip credit" in violation of the FLSA and New York Labor Law, (ii) failed to provide proper wage statements informing tipped employees, including

Plaintiff, of the amount of "tip credit" taken for each payment period, and (iii) caused tipped employees, including Plaintiff, to engage in "side work" and non-tipped duties, which exceeded 20% of each workday, such as preparation work, cutting and juicing fruits, sweeping, cleaning, organizing, washing and distributing glasses, among other non-tipped work, thereby rendering the "tip credit" invalid.

46.    Further, Defendants did not provide proper notice as to how the tips paid by credit cards were calculated, pooled and/or distributed to employees.

47.    Plaintiff and similarly situated employees were engaged in dual occupations for which they are entitled to the full minimum wage.

48.    Plaintiff and similarly situated employees were required to perform substantial non-tipped work after "last call," when customers left and/or the restaurant was closed.

49.    Upon information and belief, Defendants' timekeeping system is capable of tracking multiple job codes for different work assignments, and/or Defendants' were otherwise capable of tracking different work assignments. Despite this, Plaintiff and similarly situated employees were not instructed to record the amount of time they spend performing side work, but instead were instructed and required to punch in as "tipped" employees for all hours worked.

50.    Moreover, Defendants were not and are not entitled to take any "tip credit" under federal or state law because they failed to pay tipped employees, including Plaintiff, the proper minimum wages afforded to tipped employees.

51.    During those weeks in which Plaintiff worked in excess of forty (40) hours per week, if Defendants paid Plaintiff overtime compensation at all, they did so at a rate of $15.00 per hour, which was improper and unlawful.

52.     Notwithstanding that Defendants are not entitled to take a "tip credit," even if the "tip credit" were applicable, Defendants paid below the statutory minimum wage for each hour worked, and if Defendants paid Plaintiff overtime at all they failed to pay Plaintiff the correct overtime compensation rate of time and one-half the statutory minimum wage, minus the "tip credit," in contravention of federal and state law.

53.     During those days in which Plaintiff and similarly situated employees worked shifts that exceeded ten (10) hours, which occurred regularly, Defendants failed to pay the "spread of hours" premium of one (1) hour's pay at the statutory minimum wage rate, in contravention of the New York Labor Law.

54.     During the course of her employment, there were times when Plaintiff and other similarly situated employees would report for duty for a regularly scheduled shift, only to be sent home prior to working three (3) hours. Thus, Defendants failed to properly provide Plaintiff with "call-in pay" as required by 12 NYCRR § 146.

55.     Plaintiff and all others similarly situated were also routinely forced to work off the clock without compensation. For example, towards the end of any given day, Defendants knowingly and intentionally directed employees to clock out and continue to work, off the clock, which typically occurred after "last call," when customers left and/or when the restaurant was closed, and could range from fifteen (15) minutes to one (1) hour of unpaid work, and sometimes more. Plaintiff and others similarly situated were forced to perform cleaning duties, and Defendants even had a "check list" of non-tipped tasks they were required to perform, such as wiping down the bar top, taking out trash, sweeping the floor, labeling produce, and restocking silverware and napkins.

56.     Further, at the end of shifts, Plaintiff and others similarly situated were required to remain at the restaurant uncompensated to provide information regarding tips for the day to management, and to then wait for management to proceed upstairs to obtain or compile certain information before certain tips would be disbursed to employees. This practice usually resulted in fifteen (15) to thirty (30) minutes of time for which Plaintiff and other similarly situated employees were not paid any wages.

57.     Plaintiff and similarly situated employees were also required to work off-the-clock with respect to scheduling, communicating and time otherwise related to their employment and for the benefit of Defendants. In addition, they were required to use their personal cell phones for a variety of work-related duties, including scheduling and contacting supervisors and other employees.

58.     Upon information and belief, Defendants misappropriated gratuities from Plaintiff and other similarly situated by requiring them to engage in a tip distribution scheme where tips were taken by employees in positions that are not entitled to tips under the FLSA and/or NYLL, including, but not limited to, managers.  For example, on certain occasions, employees expressed concern to management the amount of tips they believed were earned, were in excess of the amount the front of house employees, including Plaintiff, were actually paid by Defendants.  At one point, a "lock box" was placed behind the bar for cash tips in attempt to prevent these improper practices.

## COLLECTIVE ACTION ALLEGATIONS

59.     Plaintiff brings this action individually and as class representative on behalf of herself and all other current and former non-exempt similarly situated front of house employees including food runners, servers, hosts, bussers, servers, bartenders and other front of the house

crew members who earned tips, who have been or were employed by Defendants since August 11, 2020 to the entry of judgment in this case (the "Collective Action Period"), and who were compensated at rates less than the statutory minimum wage or at rates less than the statutory rate of time and one-half for all hours worked in excess of forty (40) hours per workweek (the "Collective Action Members").

60.    As part of their regular business practice, Defendants have intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA with respect to Plaintiff and the Collective Action Members.

61.    Upon information and belief, the collective action class is so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, and the facts upon which the calculation of that number are presently within the sole control of the Defendants, upon information and belief, there are approximately fifty (50) such service employees including food runners, servers, hosts, bussers, servers, bartenders and other front of the house crew members who earned tips ("Tipped Employees"), employed by Defendants at the Port Chester location at any given time, and hundreds or perhaps thousands of Collective Action Members who worked for the Defendants during the Collective Action Period and did not receive the legally-required minimum wages for all hours worked and legally required overtime premium payments for all hours worked in excess of forty (40) hours per week, most of whom would not be likely to file individual suits because they lack adequate financial resources, access to attorneys, or knowledge of their claims. Therefore, Plaintiff submits that this matter should be certified as a collective action under the FLSA, 29 U.S.C. § 216(b).

62.    Plaintiff will fairly and adequately protect the interests of the Collective Action Members and has retained counsel that is experienced and competent in the fields of employment law and class action litigation. Plaintiff has no interests that are contrary to or in conflict with those members of this collective action.

63.    This action should be certified as a collective action because the prosecution of separate actions by individual members of the class would create a risk of either inconsistent or varying adjudications with respect to individual members of the class, or adjudications with respect to individual members of the class that would as a practical matter be dispositive of the interests of the other members not parties to the adjudication, or substantially impair or impede their ability to protect their interests.

64.    A collective action is superior to other available methods for the fair and efficient adjudication of this controversy since as the damages suffered by individual Collective Action Members may be relatively small, the expense and burden of individual litigation make it virtually impossible for the members of the collective action to individually seek redress for the wrongs done to them.  There will be no difficulty in the management of this action as a collective action.

65.    Questions of law and fact common to the members of the collective action predominate over questions that may affect only individual members because Defendants have acted on grounds generally applicable to all members.  Among the common questions of law and fact common to Plaintiff and other Collective Action Members are:

    a.    Whether the Defendants employed Plaintiff and Collective Action Members within the meaning of the FLSA;

b.   Whether the Defendants failed to keep true and accurate time and pay records for all hours worked by Plaintiff and the Collective Action Members;

c.   What proof of hours worked and pay received is sufficient where the employer fails in its duty to maintain wage and hour records;

d.   Whether the Defendants failed to pay Plaintiff and Collective Action Members statutory minimum wages and overtime compensation;

e.   Whether Defendants provided Plaintiff and Collective Action Members with proper notice of the "tip credit" and otherwise utilized the tip credit properly;

f.   Whether Defendants were properly entitled to claim a "tip credit" against minimum wages earned and if so, whether Defendants properly paid Plaintiff and Collective Action Members at the correct minimum wage for tipped employees;

g.   Whether the Defendants failed to pay Plaintiff and Collective Action Members overtime compensation for all hours worked in excess of forty (40) hours per workweek, in violation of the FLSA and the regulations promulgated thereunder;

h.   Whether the Defendants failed to create and maintain adequate records of the pay received by Plaintiffs and Collective Action Members in violation of federal and state law;

i.   Whether the Defendants' violations of the FLSA are willful as that term is used within the context of the FLSA; and,

j.   Whether the Defendants are liable for all damages claimed hereunder, including but not limited to compensatory, liquidated and statutory damages, interest, costs and disbursements and attorneys' fees.

66.     Plaintiff knows of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a collective action.

67.     Plaintiff and others similarly situated have been substantially damaged by the Defendants' wrongful conduct.

## CLASS ACTION ALLEGATIONS

68.     Plaintiff sues on her own behalf and on behalf of a class of persons under Rules 23(a), (b)(2), and (b)(3) of the Federal Rules of Civil Procedure.

69.     Plaintiff brings his New York Labor Law claims on behalf of all persons who were employed by Defendants as Tipped Employees at any time since August 11, 2017 to the entry of judgment in this case (the "Class Period") who were non-exempt, within the meaning of the New York Labor Law and have not been paid and still are not paid minimum wages, overtime compensation, or "spread of hours" premiums, in violation of the New York Labor Law (the "Class").

70.     Upon information and belief, the persons in the Class identified herein are so numerous that joinder of all members is impracticable. Although the identity and precise number of such persons is unknown, and the facts upon which the calculation of that number may be ascertained are presently within the sole control of the Defendants, the Class consists of all non-managerial current and former front of house employees and, therefore, is so numerous that joinder is impracticable and most of whom would not be likely to file individual suits because they lack financial resources, access to attorneys, or knowledge of their claims. Upon information and belief, there are hundreds and potentially thousands of Class Members.

71.     Plaintiff and the Class Members have all been injured in that they have been uncompensated or under-compensated due to Defendants' common policies, practices, and

patterns of conduct. Defendants' policies and practices affected all Class Members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each of the Class Members.

72.     The claims of Plaintiff are typical of the claims of the Class, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage and hour litigation, where individuals lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant.

73.     The Defendants have acted on grounds generally applicable to the Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

74.     Plaintiff has committed herself to pursuing this action and has retained counsel experienced in employment law and class action litigation.

75.     Plaintiff will fairly and adequately protect the interests of the Class members. Plaintiff understands that, as class representative, she assumes a fiduciary responsibility to the Class and Collective Action Members to represent their interests fairly and adequately, and that she must consider the interests of the Class and Collective Action Members just as she would represent and consider her own interests, and that she may not favor her own interests over those of the Class or Collective Action Members.

76.     Plaintiff recognizes that any resolution of a class action lawsuit, including any settlement or dismissal thereof, must be in the best interests of the Class and Collective Action Members. Plaintiff understands that in order to provide adequate representation, she must remain informed of litigation developments, and she understands that she may be called upon to testify in depositions and at trial.

77.    Plaintiff has the same interests in this matter as all other members of the Class and Plaintiff's claims are typical of the Class.

78.    There are questions of law and fact common to the Class which predominate over any questions solely affecting the individual members of the Class, including but not limited to:

a.    Whether the Defendants employed Plaintiff and Class members within the meaning of the New York Labor Law;

b.    Whether the Defendants failed to keep true and accurate time and pay records for all hours worked by Plaintiff and the Class;

c.    What proof of hours worked and pay received is sufficient where the employer fails in its duty to maintain wage and hour records;

d.    Whether the Defendants failed to pay Plaintiff and members of the Class statutory minimum wages;

e.    Whether Defendants properly provided notice to all tipped employees that Defendants were taking a "tip credit";

f.    Whether Defendants may avail themselves of the tip credit and pay the Class members at the tipped minimum wage.

g.    Whether Defendants provided proper wage statements informing (i) tipped employees of the amount of the tip credit taken for each pay period and their proper overtime compensation rate, and (ii) all non-exempt employees information required to be provided on wage statements as required under the New York Labor Law;

h.    Whether Defendants caused tipped employees to engage in non-tipped duties exceeding 20% of each workday or workweek;

    i.    Whether Defendants failed to pay Plaintiff and members of the Class Call-in Pay in violation of the New York Labor Law.

    j.    Whether the Defendants failed to pay the Plaintiff and members of the Class proper overtime compensation for all hours worked in excess of forty (40) hours per workweek, in violation of the New York Labor Law and the regulations promulgated thereunder;

    k.    Whether Defendants failed to create and maintain adequate records of the pay received by Plaintiff and members of the Class and proper annual wage notices in violation of the New York Labor Law;

    l.    Whether Defendants failed to pay Plaintiff and members of the Class "spread of hours" premium when their workday exceeded ten (10) hours;

    m.    Whether Defendants misappropriated tips from Plaintiff and the Class.

    n.    Whether Defendants failed to pay uniform cost and maintenance compensation; and

    o.    Whether the Defendants are liable for all damages claimed hereunder, including but not limited to compensatory, liquidated and statutory damages, interest, costs and disbursements and attorneys' fees.

### STATEMENT OF CLAIM

### COUNT I
### [Failure to Pay Minimum Wage and Overtime - Fair Labor Standards Act]

79.    Plaintiff re-alleges and re-avers each and every allegation and statement contained in all preceding paragraphs of this Complaint as if fully set forth herein.

80.    At all relevant times, upon information and belief, Defendants were and continue to be an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).  Further, Plaintiff and the

Collective Action Members are covered individuals within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

81.     At all relevant times, Defendants employed Plaintiff and the Collective Action Members within the meaning of the FLSA.

82.     Upon information and belief, at all relevant times, Defendants have had gross revenues in excess of $500,000.

83.     Plaintiff and the Collective Action Members worked hours for which they were not paid the statutory minimum wage.

84.     Defendants had, and continue to have, a policy and practice of refusing to pay the statutory minimum wage to Plaintiff, and the Collective Action Members for hours worked.

85.     Defendants willfully failed to pay Plaintiff, and the Collective Action Members minimum wages in the lawful amount for hours worked.

86.     Defendants were not entitled to a "tip credit," which would allow Defendants to pay Plaintiff and the Collective Action Members at a reduced minimum wage because they failed to provide proper notice to all tipped employees that Defendants were taking a "tip credit," thereby rending the "tip credit" invalid in respect of all tipped employees.

87.     Defendants also were not entitled to a "tip credit" because Defendants required Plaintiff and the Collective Action Members to perform a substantial amount of non-tip producing "side work" in excess of twenty percent (20%) of their time at work. During these periods, Defendants have compensated Plaintiff and the Collective Action Members at below the tipped minimum wage rather than the full hourly minimum wage rate.

88.     Plaintiff and the Collective Action Members were entitled to be paid at the statutory rate of time and one-half for all hours worked in excess of the maximum hours provided for in the FLSA.

89.     Defendants failed to pay Plaintiff and the Collective Action Members overtime compensation in the lawful amount for all hours worked in excess of the maximum hours provided for in the FLSA.

90.     At all relevant times, Defendants had, and continue to have a policy and practice of refusing to pay overtime compensation at the statutory rate of time and one-half to Plaintiff and the Collective Action Members for all hours worked in excess of forty (40) hours per work week, which violated and continues to violate the FLSA, 29 U.S.C. §§ 201, *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a).

91.     Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by their failure to compensate Plaintiff and the Collective Action Members at the statutory minimum wage rate and the statutory overtime rate of time and one-half for all hours worked in excess of forty (40) hours per week, when they knew or should have known such was due and that non-payment of minimum wages and overtime compensation would financially injure Plaintiff and the Collective Action Members.

92.     As a result of the Defendants' failure to properly record, report, credit and/or compensate its employees, including Plaintiff and the Collective Action Members, the Defendants have failed to make, keep and preserve records with respect to each of its employees sufficient to determine the wages, hours and other conditions and practices of employment in violation of the FLSA, 29 U.S.C. §§ 201, *et seq.*, including 29 U.S.C. §§ 211(c) and 215(a).

93.     As a direct and proximate result of Defendants' violation of the FLSA, Plaintiff and the Collective Action Members are entitled to liquidated damages pursuant to the FLSA.

94.     Due to the unlawful acts of the Defendants, Plaintiff and the Collective Action Members suffered damages in an amount not presently ascertainable of unpaid minimum wages and unpaid overtime compensation, an equal amount as liquidated damages, and prejudgment interest thereon.

95.     Plaintiff and the Collective Action Members are entitled to an award of their reasonable attorneys' fees, costs and expenses, pursuant to 29 U.S.C. § 216(b).

**COUNT II**
**[Failure to Pay Wages, Minimum Wage and Overtime - New York Labor Law]**

96.     Plaintiff re-alleges and re-avers each and every allegation and statement contained in preceding paragraphs of this Complaint as if fully set forth herein.

97.     At all relevant times, Defendants employed Plaintiff, Collective Action Members, and members of the Class within the meaning of New York Labor Law §§ 2 and 651.

98.     Defendants knowingly and willfully violated the rights of Plaintiff, Collective Action Members, and members of the Class by failing to pay them minimum wages in the lawful amount for hours worked and failed to pay them compensation for all hours worked.

99.     Defendants were not entitled to a "tip credit," which would allow Defendants pay Plaintiff, Collective Action Members, and Class members at a reduced minimum wage because they: (i) failed to provide proper notice to all tipped employees that Defendants were taking a "tip credit" in violation of the New York Labor Law, (ii) failed to provide proper wage statements informing tipped employees of the amount of the tip credit taken for each pay period in violation of the New York Labor Law, and (iii) caused tipped employees to engage in non-

tipped duties that exceeded 20% of each workday in violation of the New York Labor Law, thereby rending the "tip credit" invalid in respect of all tipped employees.

100.    Plaintiff, Collective Action Members and Class members were entitled to be paid at the statutory rate of time and one-half for all hours worked in excess of forty (40) per workweek.

101.    Defendants failed to pay Plaintiff, Collective Action Members and Class members overtime compensation in the lawful amount for all hours worked in excess of forty (40) per week in direct contravention of the New York Labor Law.

102.    At all relevant times, Defendants had, and continue to have a policy and practice of refusing to pay overtime compensation at the statutory rate of time and one-half to Plaintiff, Collective Action Members and Class members for all hours worked in excess of forty (40) hours per work week, which violated and continues to violate the New York Labor Law.

103.    Defendants knowingly and willfully disregarded the provisions of the New York Labor Law as evidenced by their failure to compensate Plaintiff, Collective Action Members and Class members at the statutory minimum wage rate and the statutory overtime rate of time and one-half for all hours worked in excess of forty (40) hours per week when they knew or should have known such was due and that non-payment of minimum wages and overtime compensation would financially injure Plaintiff and Class members.

104.    Due to the Defendants' New York Labor Law violations, Plaintiff and Class members are entitled to recover from Defendants their unpaid compensation, unpaid minimum wages, unpaid overtime compensation, liquidated damages, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to New York Labor Law § 663(1) *et al*. and § 198.

## COUNT III
### [Failure to Pay "Spread of Hours" - New York Labor Law]

105.    Plaintiff alleges and re-avers each and every allegation and statement contained in preceding paragraphs of this Complaint as if fully set forth herein.

106.    At all times relevant, Plaintiff and the Class have been employees of Defendants, and Defendants have been the employer of Plaintiff and the Class within the meaning of the NYLL §§ 650 *et seq*., and the supporting New York State Department of Labor Regulations.

107.    Defendants failed to pay Plaintiff and the Class compensation of one hour's pay at the basic minimum hourly wage rate for each day that the length of the interval between the beginning and end of their workday – including working time plus time off for meals plus intervals off duty – was greater than ten (10) hours.

108.    Defendants failed to pay Plaintiff and the Class the spread of hours compensation to which they are entitled under the NYLL and the supporting New York State Department of Labor Regulations.

109.    Due to the Defendants' New York Labor Law violations, Plaintiff and Class members are entitled to recover from Defendants their unpaid minimum wages, unpaid overtime compensation, unpaid "spread of hours" premium, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to New York Labor Law § 663(1) *et al*. and § 198.

## COUNT IV
### [Failure to Pay Call-In Pay - New York Labor Law]

110.    Plaintiff re-alleges and re-avers each and every allegation and statement contained in all preceding paragraphs of this Complaint as if fully set forth herein.

111.    During regularly scheduled shifts, Plaintiff and the Class who reported for duty, whether or not assigned to actual work, were not compensated for at least three hours for one shift or the number of hours in the regularly scheduled shift, whichever is less.

112.    Due to Defendants' violations of the NYLL, Plaintiff and the Class are entitled to recover from Defendants up to three hours of wages calculated at their regular or overtime rate of pay, whichever is applicable, as provided for by 12 NYCRR § 146-1.5, liquidated damages as provided for by the NYLL, reasonable attorneys' fees and costs, and prejudgment and post-judgment interest.

**COUNT V**
**[Uniform Cost and Maintenance Pay - New York Labor Law]**

113.    Plaintiff re-alleges and re-avers each and every allegation and statement contained in all preceding paragraph of this Complaint as if fully set forth herein.

114.    Defendants required Plaintiff and the Class to purchase, at their own cost, a specific uniform consisting of a unique "gingham" style shirt and pants, which Plaintiff and the Class would not otherwise have purchased, and did not, and could not, utilize this required uniform as part of their wardrobe outside of work.

115.    Defendants did not reimburse Plaintiff or the Class for purchasing the required uniforms.

116.    Defendants also required Plaintiff and the Class to wear a specific apron provided by Defendants.  However, Defendants typically provided only one apron to each employee. Plaintiff and employees were not provided a sufficient number of uniforms to wear consistent with the average number of days per week they worked.

117.    Defendants did not launder, or offer to launder, these uniforms for employees or provide employees with any employer-provided service to clean the uniforms.  Rather, Plaintiff and other employees were required to wash and iron their uniforms daily and at their own cost.

118.    Plaintiff and the Class's uniforms were issued by Defendants for the expressed benefit of Defendants, and it was a condition of their employment to wear them during each shift.

119.    Defendants never paid Plaintiff or the Class any uniform maintenance pay or reimbursement for the cost of purchasing and maintaining uniforms in violation of 12 NYCRR §§ 146-1.7 and 1.8.

120.    Plaintiff and the Class routinely spent money, and off-the-clock time working, to clean and maintain their uniforms consistent with the uniform appearance standards Defendants required.

121.    In addition, Plaintiff and the Class were required to use their personal cell phones, at their own cost, for a variety of work-related duties assigned by Defendants, including scheduling, taking pictures, and contacting supervisors and other employees.

122.    Defendants did not reimburse Plaintiff or the Class for these expenses and they were paid at a rate below minimum wage.  Therefore, Defendants violated 12 NYCRR § 146-2.7.

123.    Defendants' conduct is in violation of Article 19 of the New York Labor Law and its supporting regulations, including 12 NYCRR § 146 of the Hospitality Minimum Wage Order and Plaintiff and the Class are entitled to all damages available under the law, including but not limited to, the cost of purchasing uniforms, the cost of maintenance, all hours worked and unpaid wages, liquidated damages, interest attorney's fees and costs.

## COUNT VI
### [Tip Misappropriation - New York Labor Law]

124.    Plaintiff re-alleges and re-avers each and every allegation and statement contained in all preceding paragraphs of this Complaint as if fully set forth herein.

125.    Defendants unlawfully demanded or accepted, directly or indirectly, part of the gratuities received by Plaintiff and the Class in violation of NYLL, Article 6, § 196-d, and the supporting New York State Department of Labor Regulations.

126.    Defendants unlawfully retained gratuities and/or administrative fees intended for Plaintiff and the Class, in violation of NYLL Article 6, § 196-d and the supporting New York State Department of Labor Regulations.

127.    Defendants unlawfully required Plaintiff and the Class to share the gratuities they received with employees other than tipped employees, in violation of NYLL Article 6, § 196-d and the supporting New York State Department of Labor Regulations.

128.    Due to Defendants' violations of the NYLL, and these unlawful practices, policies and procedures, Plaintiff and the Class are entitled to recover from Defendants the value of the misappropriated gratuities, liquidated damages.

## COUNT VII
### [Failure to Provide Proper Wage Statements and Notices - New York Labor Law]

129.    Plaintiff re-alleges and re-avers each and every allegation and statement contained in all preceding paragraphs of this Complaint as if fully set forth herein.

130.    Upon information and belief, Defendants' record keeping practices were intended to, and did in fact, disguise the actual number of hours the employees worked, in order to avoid paying for their full hours worked; and, overtime due.

131.    Defendant willfully disregarded and purposefully evaded record keeping requirements of the New York Labor Law by failing to maintain accurate and complete timesheets, wage notices, and payroll records.

132.    Plaintiff and the Class were not provided with a proper, written wage notice, and not provided with annual wage notices, as required by law. NYLL § 195(1).

133.    The New York State Wage Theft Prevention Act requires every employer to notify its employees, in writing, with every payment of wages, of the dates of work covered, the rate of pay and basis thereof, hours worked, gross wages, deductions, allowances, and net wages.

134.    Defendants' failure to provide an accurate annual wage notice entitles Plaintiff and the Class each to statutory damages of fifty dollars ($50.00) per week for each work week the violation continued to occur, to a maximum of five thousand dollars ($5,000). New York Labor Law § 198(1-b).

135.    Defendants failed to furnish Plaintiff and members of the Class with a statement with every payment of wages listing gross wages, deductions and net wages, in contravention of New York Labor Law § 195(3) and New York State Department of Labor Regulations §§ 137-2.2; 146-2.3.

136.    Defendants failed to keep true and accurate records of hours worked by each employee covered by an hourly minimum wage rate, the wages paid to all employees, and other similar information in contravention of New York Labor Law § 661.

137.    Defendants failed to establish, maintain, and preserve for not less than six (6) years payroll records showing the hours worked, gross wages, deductions, and net wages for each employee, in contravention of the New York Labor Law § 194(4), and New York State Department of Labor Regulations §§ 137-2.1; 146-2.1.

138.    Defendants failed to comply with the notice and record keeping requirements of the New York State Wage Theft Prevention Act, and as such, are liable for civil penalties, attorneys' fees, and costs.

**<u>PRAYER FOR RELEIF</u>**

**WHEREFORE**, Plaintiff Makenzi E. Rose, on behalf of herself and all similarly situated Collective Action Members and Class members, respectfully requests that this Court grant the following relief:

(a)    That, at the earliest possible time, Plaintiff be allowed to give notice of this collective action, or that the Court issue such notice, to all Collective Action Members who are presently, or have at any time during the three years immediately preceding the filing of this suit, up through and including the date of this Court's issuance of court-supervised notice, worked at Bar Taco. Such notice shall inform them that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit if they believe they were denied proper wages;

(b)    An award of unpaid minimum wages and compensation due under the FLSA and New York Labor Law;

(b)    An award of unpaid overtime compensation due under the FLSA and New York Labor Law;

(c)    An award of unpaid "spread of hours" premium due under the New York Labor Law;

(d)    An award of liquidated damages as a result of Defendants' failure to pay minimum wages and overtime compensation pursuant to 29 U.S.C. § 216;

(e)     An award of liquidated damages as a result of Defendants' failure to pay minimum wages, overtime compensation, and "spread of hours" premiums pursuant to the New York Labor Law and the New York State Wage Theft Prevention Act;

(f)     An award of civil penalties pursuant to the notice provisions of the New York State Wage Theft Prevention Act;

(g)     An award of prejudgment and post-judgment interest;

(h)     An award of costs and expenses associated with this action, together with reasonable attorneys' and expert fees;

(i)     Certification of this case as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure; and,

(j)     Such other and further relief as this Court determines to be just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff respectfully demands trial by jury on all issues.

Dated:  White Plains, New York
        August 11, 2023

                                    Respectfully submitted,

                                    VALIANT LAW
                                    75 S. Broadway, Suite 400
                                    White Plains, New York 10601
                                    Telephone: (914) 595-6702
                                    Facsimile: (909) 677-2290
                                    *Co-counsel for Plaintiff*

                                        */s/ Joseph Jeziorkowski*
                        By:     _____
                                    Joseph Jeziorkowski, Esq.

29

CILENTI & COOPER, PLLC
60 East 42nd Street – 40th Floor
New York, NY 10165
Telephone: (212) 209-3933
Facsimile: (212) 209-7102
*Co-counsel for Plaintiff*

   */s/ Peter Hans Cooper*

By:   _____

Peter Hans Cooper, Esq.

## CONSENT TO SUE UNDER
## FAIR LABOR STANDARDS ACT

I, Makenzi E. Rose, am an individual currently employed by Barteca Restuarants LLC dba

Bar Taco and/or Bar Taco Port Chester LLC dba Bar Taco. I consent to be a plaintiff in the above-

captioned action to collect unpaid wages and overtime compensation, and other damages.

Dated: New York, New York
August 11, 2022

_Makenzi Rose_
Makenzi E. Rose